E-FILED
Monday, 29 September, 2014 03:46:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN ZAPATA, an individual and as assignee, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 12-3243 |
| THE LAW COMPANY, INC., SIMON PROPERTY GROUP, INC. (DELAWARE), and LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 477, | ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending is Defendant Simon Property Group Inc.'s Motion to Dismiss for Lack of Jurisdiction. Pending also is the Defendant's Motion for Sanctions.

I. MOTION TO DISMISS

Plaintiff John Zapata, an individual and as assignee, filed a Pro Se Second Amended Complaint wherein he invoked the Court's jurisdiction under 28 U.S.C. § 1332.

The Plaintiff alleges he is a citizen residing in the State of Nebraska. MWE Services, Inc., ("MWE") is a corporation incorporated under the laws of Nebraska with its principal place of business in Nebraska. MWE is authorized to conduct business in the State of Illinois. MWE has assigned its rights and assets to Plaintiff John Zapata.

The Plaintiff further alleges that Defendant Simon Property Group, Inc. ("Simon"), is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. According to the Complaint, Defendant Laborers International Union of North American, Local 447 ("the Union") is a Labor Union group with its principal place of business in Springfield, Illinois. The Plaintiff further alleges that the amount in controversy exceeds $75,000 and, therefore, the Court has jurisdiction over the subject matter.

This case concerns a contract for work to be performed at White Oaks Mall and Theater in Springfield, Illinois. In Count I, the Plaintiff asserts a claim for tortious interference with a business relationship against the Union. Count II alleges a claim for interference with a business

relationship as to Simon.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Simon moves to dismiss on the basis that Plaintiff has not established that the Court has jurisdiction based on the Union's citizenship. In the Complaint, the Plaintiff alleges: "Laborers International Union of North America, Local 447 (hereinafter 'Local 447') is a Labor Union group with its principal place of business in Springfield, Illinois." See Doc. No. 29, at 2 ¶5.

Citing United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc., 382 U.S. 145 (1965), Simon notes it is well-settled that for purposes of diversity of citizenship jurisdiction, the citizenship for an unincorporated association, such as the Union, is determined by the citizenship of each member. See id. at 147. "Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member." Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 316 (7th Cir. 1998) (citing Bouligny, 382 U.S. 145 and Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449 (1900)). Dismissal is warranted if the

plaintiff fails to identify the citizenship of an entity's members. See Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007).

Following Simon's Motion, the Plaintiff filed a Notice of Voluntary Dismissal as to the Union and the Union was dismissed without prejudice. Therefore, Count I will be dismissed.

The dismissal of the Union essentially serves to moot Simon's Motion to Dismiss because it was based entirely on a lack of complete diversity between the parties. Simon's Motion to Dismiss does not address whether the amount in controversy has been met.

There does not appear to be any question that the remaining parties are of diverse citizenship. The Plaintiff claims to be a citizen of Nebraska and Simon is a corporate citizen of Illinois. Accordingly, Simon's Motion to Dismiss for Lack of Jurisdiction will be Denied.

## II. MOTION FOR SANCTIONS

### (A)

Defendant Simon has also filed a Motion for Sanctions. In addition to dismissal, Simon seeks an award of its attorney's fees against the Plaintiff

4

for violation of Rule 11(b), of the Federal Rules of Civil Procedure. Simon contends that some of the Plaintiff's allegations in the Second Amended Complaint are false and violate Rule 11(b). These allegations primarily concern an arbitration award entered by Arbitrator J. Michael Grier, Esq., in American Arbitration Association Case No. 57-110-E000066-12, which was styled: MWE Services, Inc., dba Midwest Demolition Company and the Law Company, Inc. Simon has attached to its motion a copy of the final arbitration award.

Simon notes that the parties to the final award were MWE Services, Inc., d/b/a Midwest Demolition Company (called "Midwest" by Arbitrator Grier) and The Law Company, Inc. (called "Law" by Arbitrator Grier). The dispute concerned a subcontract for demolition work Midwest performed for Law at White Oaks Mall.

In his Second Amended Complaint, in paragraph 3, the Plaintiff alleges he is the assignee of a claim MWE held from its subcontract relationship with the Law Company from the mall renovation project. The subcontract is attached to the Second Amended Complaint. The Plaintiff

further alleges:

1. "During the duration of the contract, the Law Company requested that Plaintiff perform additional work for an additional $64,309.70 for a total revised contract amount of $313,714.70." Doc. 29 at 3, ¶16.

2. "Of the total contract sum of $313,714.70, only $228,098.00 has been paid or otherwise credited, leaving a balance of $85,616.70 due, unpaid and owing to Plaintiff by the Law Company on the contract for the work performed by the Plaintiff." Id. ¶17.

3. "Although Plaintiff performed its entire subcontract according to the terms and conditions of the subcontract, [Simon] has failed to pay the Plaintiff the balance of the unpaid portion of the subcontract." Id. ¶18.

4. "On or around January 1, 2012, till June 1, 2012 Defendant [Simon] interfered with the business relationship that Plaintiff had with The Law Company,

Inc. when the owner, [Simon], wrongfully requested and demanded that The Law Company, Inc. breach its contract between The Law Company, Inc. and the Plaintiff and award some of the interior demolition work to a Union contractor, Defendant Local 477." Id. at 5, ¶25.

5. "Defendant [Simon] required this illegal breach of contract by The Law Company, Inc. in order to avoid any disruption from the Union Local 477 at the Mall, without taking into consideration the cost to the Plaintiff in this breach." Id. ¶26.

In the final arbitration award, which was entered on or about October 12, 2012–prior to the filing of the Second Amendment Complaint–Arbitrator Grier found:

a. "The Subcontract set forth the details of the work to be provided by [MWE] and a price of $249,405.00 to be paid by [The Law Company] to [MWE]." Final Award,

at 1.

b. "[MWE] claims that [The Law Company] breached the Subcontract by deleting certain work from its scope due to local labor union issues that surfaced during the course of [MWE's] work on the White Plains Project." Id. at 1-2.

c. "[The Law Company] asserts that it did not breach the Subcontract, and that it was entitled to delete work from the Subcontract for any reason whatsoever, including, but not limited to, any issues arising from or related to any labor or trade union activity." Id. at 2; and

d. "As a preliminary matter, [The Law Company] did not breach the Subcontract in deleting [MWE's] work from the Subcontract. The Subcontract clearly provides [The Law Company] with the right to delete work." Id. at 2.

In the final order, Arbitrator Grier found the final amount of MWE's subcontract with The Law Company, after addressing all of MWE's claims,

was $249,907." Arbitrator Grier further determined that MWE had been paid $228,098 from The Law Company. Based on that difference, Arbitrator Grier awarded MWE an additional $21,809.00, plus $637.50 for arbitration costs/fees. The final award provides that Plaintiff John Zapata appeared at the arbitration hearing before Arbitrator Grier.

(B)

In pertinent part, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it– an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or by establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).

9

Simon contends that the Plaintiff's Second Amended Complaint includes allegations that he knows to be false. Specifically, Simon alleges the Plaintiff knows Arbitrator Grier held:

A. The Law Company did not breach its subcontract with MWE, which fact Plaintiff falsely represented in his allegations in Paragraphs 25 and 26 of the Amended Complaint;

B. The total amount of the MWE subcontract was $249,907, which fact Plaintiff falsely represented in his allegations in Paragraphs 16 and 17;

C. The unpaid portion of the MWE subcontract was only $21,809.00, which fact Plaintiff falsely represented in his allegations in Paragraphs 7 and 17.

Simon contends that in his Second Amended Complaint, the Plaintiff makes a number of allegations that are false. Simon believes that Plaintiff makes false assertions in order to satisfy the requirements of federal subject matter jurisdiction.

Upon reviewing all of the materials, the Court is unable to determine whether the Plaintiff has made any misrepresentations. It is worth noting that the Second Amended Complaint does not address or even reference Arbitrator Grier's award. Although the arbitrator determined there was no breach, the Plaintiff–in paragraphs 25 and 26 of the Amended Complaint-- claims that The Law Company breached its contract with the Plaintiff.

Additionally, paragraphs 16 and 17 of the Second Amended Complaint provide that the total contract amount was $313,714.70, in contrast to Arbitrator Grier's finding that the total contract amount was $249,907.

In paragraph 7, the Plaintiff alleges the amount in controversy exceeds $75,000. According to paragraph 17, the unpaid portion of the MWE subcontract is $85,616.70. The Plaintiff does not address the arbitrator's finding that the unpaid portion was only $21,809.00.

The Court questions whether the amount in controversy has been met. Simon's Motion to Dismiss was directed solely at the citizenship of the Union. In its Motion for Sanctions, however, Simon suggests that the

threshold amount has not been met. Simon bases its assertion as to the amount owed MWE according to the arbitrator's finding. The Plaintiff appears to base his allegation regarding the amount in controversy on what he claims is the contract amount following additional work, less the amount paid or otherwise credited.

The Court has a duty to dismiss the case if jurisdiction is lacking. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 978 (7th Cir. 2000) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 186-87 (1936)). Because the Court cannot determine whether the amount in controversy exceeds $75,000.00, the parties will be directed to submit supplemental briefing on that issue and any other issue that might affect subject matter jurisdiction.

## III. CONCLUSION

Simon's Motion to Dismiss will be denied because it was directed entirely at the lack of complete diversity between the Parties. Following the Union's dismissal, the Parties are of diverse citizenship.

The Court declines to impose sanctions because it has not determined

that Plaintiff has committed a Rule 11 violation. If such a violation was committed, the Court will not hesitate to impose sanctions.

Ergo, the Motion to Dismiss pursuant to Rule 12(b)(1) of Defendant Simon Property Group, Inc.[d/e 33] is DENIED.

The Defendant's Motion for Sanctions [d/e 39] is DENIED.

The Parties are directed to file supplemental briefs regarding the amount in controversy.

The briefs are due by October 22, 2014.

ENTER: September 29, 2014

                      FOR THE COURT:

                              s/Richard Mills
                              Richard Mills
                              United States District Judge