IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN ZAPATA, an individual and as assignee, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 12-3243 |
| THE LAW COMPANY, INC., SIMON PROPERTY GROUP, INC. (DELAWARE), and LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 477, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Pro Se Plaintiff John Zapata to Remove and Motion to Transfer the Case.

In an Opinion and Order entered on September 29, 2014, the Court Denied the Motion of Defendant Simon Property Group, Inc. to Dismiss Pursuant to Rule 12(b)(1) for Lack of Jurisdiction. Although the remaining Parties were of diverse citizenship, the Court could not determine based on the record whether the amount in controversy exceeded $75,000.00 as

required to establish subject matter jurisdiction under the diversity statute. The Parties were directed to file supplemental briefs regarding the amount in controversy.

In the Motion to Remove and Motion to Transfer, the Plaintiff requests that the case be removed from the United States District Court and be transferred to the Sangamon County Circuit Court in Springfield, Illinois.

If certain conditions are met, a case may be removed from state court to federal court under 28 U.S.C. §§ 1441 & 1446. Because this case was originally filed in federal court, however, the removal statute has no applicability. Therefore, the Court does not have the authority to remand the action to state court pursuant to 28 U.S.C. § 1447, which governs the procedure after removal.

Although this Court may in certain circumstances transfer a case to another federal district court, the Court has no authority to transfer a pending case to a state court.

Defendant Simon Property Group, Inc. states it believes that

Plaintiff's requests to remove and transfer are tied to the Court's Order directing the parties to brief whether the amount in controversy is satisfied. Previously, the Defendant argued in another motion [Doc. No. 39] that the amount in controversy had not been met.

For the reasons stated herein, the Court cannot grant the relief requested by the Plaintiff. The Plaintiff may move to dismiss the action or file a stipulation of dismissal which is consistent with Rule 41 of the Federal Rules of Dismissal. If the Plaintiff fails to act by December 5, 2014, the action will be dismissed for failure to prosecute.

Ergo, the Plaintiff's Motion to Remove and Motion to Transfer to State Court [d/e 44] is DENIED.

The Plaintiff shall file an appropriate pleading or otherwise proceed by December 5, 2014. The failure to do so will result in a dismissal for lack of prosecution.

ENTER: November 20, 2014

    FOR THE COURT:

    s/Richard Mills
    Richard Mills
    United States District Judge